CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    Jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:26-mj-70818-MAG |
| Plaintiff, | |
| v. | UNITED STATES' MOTION FOR DETENTION AS A FLIGHT RISK AND DANGER TO THE COMMUNITY |
| JAMES PRADO PALACIO, | |
| Defendant. | |

INTRODUCTION

    The United States moves for the pretrial detention of James Prado Palacio as a flight risk and a danger to the community. Prado Palacio should be detained because no combination of conditions will reasonably guarantee his future appearances before the Court in this case. Nor will any combination of conditions address the danger Prado Palacio presents to the community if he is released.

    Prado Palacio has a significant prior criminal history, which includes felony convictions for carrying a concealed weapon and for felon-in-possession of a firearm, as well as a recent 2025 domestic violence felony conviction that the parties and Pretrial Services only learned of after the preparation of the initial bail report in this case. See, Exhibits 1 and 2. Prado Palacio also has three prior misdemeanor

GOV'T MOTION FOR DETENTION           1

convictions for providing false identification information and one prior misdemeanor conviction for evading a peace officer.  Prado Palacio's demonstrated history of disrespect and disregard for the law strongly suggests that he is unlikely to comply with this Court's orders and follow through on his pretrial commitments if released from custody.

Prado Palacio also presents a danger to the community.  Prado Palacio allegedly distributed 2,000 fentanyl pills, a total of approximately seven pounds of methamphetamine, and a total of approximately five firearms to a confidential source of information (the "CS") under DEA and FBI supervision in this case.  Prado Palacio's involvement in drug trafficking creates a rebuttable presumption that he is a danger to the community, a factor which supports his detention.  His involvement in distributing fentanyl, methamphetamine and firearms while he was already on probation for a state felony conviction demonstrates that he will remain a danger to the community irrespective of any conditions that can be imposed by the Court.  As the totality of the facts and circumstances demonstrate that Prado Palacio is a flight risk and a danger to the community, the United States respectfully requests that the Court order that Prado Palacio be detained without bail pending trial.

THE COMPLAINT

Defendant is charged by complaint with violating 21 U.S.C. Section 841(a)(1), distribution of 50 grams or more of methamphetamine.  ECF No. 1.  In January 2026, the DEA obtained information from a paid confidential informant (the "CS") that James Prado Palacio was distributing large quantities of methamphetamine in San Jose.  ECF No. 1.  At the direction and under the supervision of the DEA and FBI, on January 16, 2026 the CS purchased two ounces of cocaine and approximately two pounds of methamphetamine from Prado Palacio in San Jose.  ECF No. 1.  Following this transaction, the CS purchased a pound of methamphetamine and 2,000 fentanyl pills in another transaction with Prado Palacio in San Jose on January 30, 2026.  On February 27, 2026, the CS conducted a third transaction in San Jose in which the CS purchased four pounds of methamphetamine from Prado Palacio.  ECF No.1.  Federal agents observed, photographed, and recorded the above interactions between the CS and Prado Palacio.  In June 2026, DEA and FBI agents observed and monitored two more transactions between Prado Palacio and the CS, with the CS purchasing three ounces of cocaine and three firearms from Prado Palacio on June 4, 2026, and two more firearms from Prado Palacio on June 11, 2026.

GOV'T MOTION FOR DETENTION                2

ARGUMENT

A.  PRADO PALACIO SHOULD BE DETAINED AS A FLIGHT RISK AND DANGER

    1.  Presumption of Detention

Where, as in this case, there is probable cause that a defendant has committed certain types of offenses such as a serious drug trafficking offense, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3).  The presumption is subject to rebuttal by a defendant. 18 U.S.C. § 3142(e)(3).  While the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant rebuts the presumption, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

    2.  Detention Standard

The Bail Reform Act ("the Act") requires that a court release a criminal defendant on personal recognizance or on an unsecured appearance bond before trial unless there is a determination that such release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This default requirement is in accord with the principle that "[i]n our society, liberty is the norm, and detention prior to trial ... is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). If a court determines that release will not reasonably assure the defendant's appearance and the safety of the community, the court must impose "the least restrictive further condition, or combination of conditions," that will reasonably assure these goals. 18 U.S.C. § 3142(c)(1)(B). The Act requires detention where a court finds that no such condition or combination or conditions can accomplish these ends. 18 U.S.C. § 3142(e)(1).

If the United States moves for detention pursuant to 18 U.S.C. § 3142(f) and a defendant is eligible for a detention hearing, then the court must determine whether there are conditions of release that reasonably assure two goals: "the appearance of the defendant as required" and "the safety of any other person and the community." 18 U.S.C. § 3142(g). In making its detention determination, a court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id.

Ultimately, the United States bears the burden to prove either (1) by a preponderance of the evidence that there are no conditions that reasonably will assure the defendant's appearance as required, or (2) by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community. 18 U.S.C. § 3142(f).

**3. Rebuttal of the Presumption of Detention**

Prado Palacio has been charged by complaint with a violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(viii) for his involvement in allegedly distributing four pounds of methamphetamine to the CS on February 27, 2026. ECF No. 1. A drug trafficking offense of this gravity is on the list of charges that carry a rebuttable presumption of detention. 18 U.S.C. Section 3142(e)(3)(A). Accordingly, the presumption of detention is triggered here.

As the government anticipates that Prado Palacio will proffer evidence to rebut the presumption, the government below addresses the Section 3142(g) factors.

**4. The 3242(g) Factors**

**A. Nature and Seriousness of the Offense Charged**

The government respectfully submits that the allegations in this case are of a very serious nature. The complaint in this case alleges that Prado Palacio sold 2,000 fentanyl pills, a total of seven pounds of methamphetamine, and a total of five firearms to the CS.  It has been well-documented that the use of fentanyl can pose a grave risk to the health of users, and that such use has resulted in multiple overdose deaths in the Bay Area over the past several years.  The illegal distribution of methamphetamine and firearms similarly poses significant dangers to public safety and health.  The drug charge in the complaint carries a ten-year mandatory minimum sentence and a maximum sentence of life imprisonment.  The government submits that these factors weigh in favor of detention.

**B. Weight of Evidence**

The Government has gathered substantial evidence in this case, including cell phone records, information from a confidential source, photographs, and video recordings, as well as the observations of several law enforcement witnesses who will testify that they saw Prado Palacio conduct multiple drug and firearms transactions.  The government acknowledges that the Ninth Circuit has declared that the weight of the evidence is the least important factor in a detention hearing analysis, and the statute neither requires nor permits a pretrial determination of guilt.  *United States v. Hir*, 517 F.3d at 1090; *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir. 1986).  Nonetheless, the government submits the weight of the evidence weighs in favor of detention, though it acknowledges this factor is the least important pursuant to Ninth Circuit law.

**3. The History and Characteristics of Prado Palacio**

According to the bail report, Prado Palacio has an extensive adult criminal history dating back to 2012.  This criminal history includes felony convictions for carrying a concealed weapon in a vehicle and felon in possession of a firearm, as well as misdemeanor convictions for false personation, driving

under the influence, drug possession, and evading a police officer. Prado Palacio ultimately served a sentence of 40 months imprisonment for his felony weapons conviction in 2012, but this significant sentence did not deter him from continuing to engage in criminal conduct on numerous occasions throughout the years.

In addition, after the preparation of the bail report initially provided to the Court, the government received information that Prado Palacio was convicted of yet another felony offense in January 2025. Exhibit 1. According to Santa Clara County Superior Court records, Prado Palacio was convicted of the willful infliction of physical injury on an intimate partner resulting in a "traumatic condition," a felony in violation of California Penal Code Section 273.5(A), along with a misdemeanor count of trespassing. See, Exhibits 1 and Exhibit 2. Prado Palacio was sentenced to a year imprisonment based on both convictions, less credit for time served. Exhibit 1. The minute order appears to indicate that a no-contact protective order was imposed as to the victim through January 2028. Exhibit 1.

The facts alleged in the underlying police report related to the Prado Palacio's 2025 felony domestic violence conviction are disturbing. See, Exhibit 2. According to the report, the victim and Prado Palacio had known each other and were in a previous dating relationship for one year. Exhibit 2. The victim stated that on a prior occasion, which the victim had not reported to law enforcement, Prado Palacio had strangled the victim and punched the victim multiple times in the chest. Exhibit 2, pp. 1,3. The victim stated that Prado-Palacio had told the victim, "Let me in Bitch, | know your in there with someone," or words to that effect. Exhibit 2, p. 2. The victim stated that Prado Palacio had entered the victim's residence and used bleach to poison a pet turtle that was inside the victim's room. Notably, Prado Palacio was on searchable probation at the time of the alleged violent conduct against the victim. See Exhibit 2, p. 4.

The government submits that the history and characteristics of Prado Palacio under § 3142(g)(A) and (B) weigh in favor of detention. Prado Palacio's prior convictions demonstrate a disregard for the

law through his commission of serious and violent felonies, as well as a tendency to make false statements to law enforcement regarding his identity and an effort to evade law enforcement. In addition, his repeated probation violations, including the commission of a felony domestic violence offense while on searchable felony probation in 2024, demonstrate that he is unlikely to comply with this Court's orders if released. These factors weigh strongly in favor of Prado Palacio's detention.

**4. Prado Palacio's Conduct Demonstrates that He is a Danger the Community**

The United States further submits that it has demonstrated by clear and convincing evidence that Prado Palacio poses a danger to the community. The available information indicates that Prado Palacio has repeatedly been involved in unlawful handling of firearms, specifically by carrying a concealed weapon, in 2012, conduct which resulted in a felony conviction; as a felon in possession of a firearm, conduct which resulted in a second felony conviction, in 2024; and through his instant involvement in illegally possessing and distributing firearms, in 2026. In addition, his recent above-referenced felony domestic violence conviction demonstrates that he has the capacity for violence towards a former intimate partner and cruelty to animals. It is particularly concerning that the latter conduct occurred while Prado Palacio was under a term of supervised probation. When the available evidence of drug and firearms trafficking is combined with Prado Palacio's significant criminal history of weapons possession and one instance of domestic violence, and Prado Palacio's apparent total disregard for Court orders, the government submits that it has met its burden of demonstrating by clear and convincing evidence that Prado Palacio is a danger to the community.

//

//

//

//

//

GOV'T MOTION FOR DETENTION                    7

CONCLUSION

For all of the above-described reasons, the United States requests that the Court find Prado Palacio is a flight risk and a danger to the community. The government respectfully requests that the Court order him held without bail pending further proceedings in this case.

DATED: June 25, 2026                    Respectfully submitted,

                                        CRAIG H. MISSAKIAN
                                        United States Attorney

                                            /s/
                                        JEFFREY D. NEDROW
                                        Assistant United States Attorney