UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES PRADO PALACIO,<br><br>Defendant. | Case No.  26-cr-00316-BLF-1  (VKD)<br><br>**DETENTION ORDER**<br><br>Re: Dkt. No. 12 |

The United States moved for detention of defendant James Prado Palacio.  The Court held a hearing on the government's motion on June 26, 2026.  Dkt. No. 16.  Mr. Prado was present at the hearing and represented by counsel.  For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure the safety of others and the community.  The Court therefore orders Mr. Prado detained pending trial.

## I.     BACKGROUND

As set forth in the seven-count indictment, the government charges Mr. Prado in counts one through three with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (distribution of 50 grams or more of methamphetamine); in count four with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) (distribution of 40 grams or more of fentanyl); in count five with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (distribution of cocaine); and in counts six and seven with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  Dkt. No. 13.  Mr. Prado is presumed innocent of these charges.  *See* 18 U.S.C. § 3142(j).

Pretrial Services prepared a report and addendum, which were shared with the Court and

United States District Court
Northern District of California

counsel for the parties.  The Court adopts the facts set forth in the Pretrial Services report and addendum, except with respect to the report's summary of Mr. Prado's prior criminal record, which appears to be incomplete.  As noted in the United States's written motion for detention and as discussed at the hearing, in 2025, Mr. Prado was convicted in the Santa Clara County Superior Court of the crime of willful infliction of physical injury on an intimate partner resulting in a traumatic condition, a felony, in violation of California Penal Code § 273.5(A).  Dkt. No. 12 at 6; Dkt. No. 12-1.  Both parties presented arguments and evidence by proffer through counsel at the hearing, which was conducted in public.

## II.    LEGAL STANDARDS

On a motion for pretrial detention, the government bears the burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community.  18 U.S.C. § 3142(f)(2).  Conversely, the government bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

## III.   DISCUSSION

### A.    Rebuttable Presumption

Given the charges in the indictment, there is a rebuttable presumption that the defendant poses a danger to others and the community and a flight risk.  18 U.S.C. § 3142(e)(3)(A).  This presumption weighs against release.  However, the Court finds that Mr. Prado has offered

United States District Court
Northern District of California

evidence to rebut the presumption—including a suitable co-signer for a bond and willingness to participate in residential treatment—and therefore considers the remaining factors that bear on pretrial detention, together with the presumption. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).") (internal quotations omitted).

### B.    Nature and Circumstances of the Offenses

According to the indictment and the government's written motion, Mr. Prado sold substantial quantities of methamphetamine and fentanyl, as well as a smaller amount of cocaine, to a confidential source over the course of several transactions between January 16, 2026 and June 11, 2026.  Dkt. No. 12 at 2; Dkt. No. 13 (counts 1-5).  In addition, the government proffers that Mr. Prado sold a total of five firearms to the confidential source over the course of two transactions in June 2026.  Dkt. No. 12 at 2; *see* Dkt. No. 13 (counts 6-7).[1]

The charges against Mr. Prado are very serious, and the conduct alleged poses a clear and significant danger to the safety of the community.  If convicted, Mr. Prado faces a mandatory minimum prison term of 10 years and a maximum prison term of life for the offenses charged in counts one through three, a mandatory minimum prison term of 5 years and a maximum prison term of 40 years for the offense charged in count four, a maximum prison term of 20 years for the offense charged in count five, and a maximum prison term of 15 years for the offenses charged in counts six and seven.  *See* Dkt. No. 13-1 (penalty sheet).

### C.    Weight of the Evidence

According to the government there is substantial evidence in support of all of the charged offenses, as the conduct alleged in the indictment was witnessed and/or recorded by federal agents.  Dkt. No. 12 at 5.  As the government concedes, the weight of the evidence is the least important consideration.  *Motamedi*, 767 F.2d at 1408.  Nevertheless, the evidence proffered does support

---

[1] The indictment charges Mr. Prado with firearms possession, not firearms trafficking.

the government's motion.

###### D.    Personal Characteristics of the Defendant

Mr. Prado is 34 years old.  He has lived in California for much of his life and has lived in the Northern District of California or the Eastern District of California since 2007.  He has several family members who reside in the local community, as well as a partner with whom he has been in a relationship for three years.  Mr. Prado attended high school until the 12th grade but did not earn a high school diploma.  At the time of his arrest, Mr. Prado was on medical leave from his employment due to injury, but he had been employed for many years as a laborer.  Mr. Prado's partner is willing to serve as a co-signer on a bond in the amount of $25,000.

Mr. Prado has a history of substance abuse that dates back to when he was 11 years old. He reported that he has overdosed three times, most recently approximately three years ago.  He completed court-ordered outpatient substance abuse treatment when he was 14 years old, and he expresses a willingness to receive substance abuse treatment now.

Mr. Prado suffers from several physical and mental health conditions, the most serious of which appears to be rheumatoid arthritis, for which he requires specific treatment.

Mr. Prado has an extensive adult criminal history that dates back 15 years.  Many of the offenses for which convictions are noted are convictions for driving under the influence or on a suspended license and other non-violent misdemeanors.  However, his criminal history includes other more serious offenses, including a 2012 felony conviction for carrying a concealed weapon, a 2024 felony conviction for being a felon in possession of a firearm, and a 2025 felony conviction for domestic violence.  His criminal history also reflects several instances of non-compliance with conditions of supervision or probation.

###### E.    Nature and Seriousness of the Danger to Others Posed by Defendant's Release

In addition to the conduct charged in the indictment, the government relies on evidence of Mr. Prado's criminal history, as described above.  In particular, the government notes that the conduct that resulted in Mr. Prado's recent domestic violence conviction involved not only violence against the victim, Mr. Prado's former girlfriend, but also animal cruelty.  *See* Dkt. No. 12 at 6; Dkt. No. 12-2.  Moreover, Mr. Prado's criminal history reflects at least five instances of

United States District Court
Northern District of California

supervision/probation violations. While he has no failures to appear for court proceedings, he has on several occasions not complied with other conditions of supervision set in prior matters. Most importantly, the record reflects that the conduct charged in the indictment occurred while Mr. Prado was under supervision for a prior state court conviction, and that the domestic violence conduct for which he was convicted also occurred while he was under supervision for a prior conviction. Mr. Prado's failure to comply with conditions of supervision, including the commission of new law violations while under supervision, indicates that he is unlikely to comply with conditions of release the Court might set to protect the safety of others and the community.

### F.    Consideration of Conditions of Release

The Bail Reform Act favors pretrial release, not detention. Accordingly, the Court has carefully considered whether there are any conditions of release that will reasonably assure the safety of others and the community and Mr. Prado's appearance as required. In particular, the Court has considered whether the availability of a co-signer for an unsecured bond, together with other conditions of release proposed by Pretrial Services and by Mr. Prado, are sufficient.

The Court concludes that the proposed conditions would reasonably assure Mr. Prado's appearance for Court as required. Mr. Prado has no prior failures to appearance for court relating to his past criminal cases, and the Court is persuaded that a suitable bond amount could be set, together with other conditions of release, to appropriately mitigate the risk that Mr. Prado would flee or fail to appear for court as required.

However, the proposed conditions would not reasonably assure the safety of others and the community, given the nature and circumstances of the charged offenses and Mr. Prado's criminal history of convictions, including those involving violent behavior, described above. In particular, the Court is not persuaded that Mr. Prado is likely to comply with conditions of release intended to protect the safety of others and the community or with the rules and requirements of the New Bridge Foundation residential treatment program. While he may well benefit from residential treatment for his substance abuse issues, Mr. Prado's placement at the New Bridge Foundation

United States District Court
Northern District of California

puts others seeking treatment there at risk.[2]  To the extent Mr. Prado argues that his risk to the safety of others is limited because of his current physical health conditions, the Court observes that the alleged conduct for which he has been indicted occurred in 2026, well after the onset of his most serious physical health condition.  The Court finds that the United States has shown by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of others and the community.

## IV.   CONCLUSION

Accordingly, defendant James Prado Palacio is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Prado shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Prado to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: June 26, 2026

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] During the hearing, the Court was informed that the New Bridge Foundation was not apprised of Mr. Prado's recent domestic violence conviction, or the circumstances of that offense, and that the New Bridge Foundation therefore did not consider that information when it assessed Mr. Prado as a suitable candidate for residential treatment.