UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

JAMES PRADO PALACIO,
Defendant.

Case No. 26-cr-00316-BLF-1 (VKD)

**ORDER RE DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RECONSIDERATION OF DETENTION ORDER**

Re: Dkt. No. 29

On November 23, 2026, the Court heard oral argument on defendant James Prado Palacio's motion to reopen detention hearing and for reconsideration of the Court's June 26, 2026 detention order (Dkt. No. 12). Dkt. No. 29. Mr. Prado Palacio was present and represented by counsel at the hearing. The motion to reopen is granted; the motion for reconsideration of the detention order is denied.

For the reasons stated on the record during the hearing, Mr. Prado Palacio has shown that new information not presented at the time of the detention hearing—i.e. the deterioration in his medical condition—satisfies the requirements of 18 U.S.C. § 3142(f)(2)(B) for reopening his detention hearing. However, Mr. Prado Palacio has not shown that this new information supports or requires an order releasing him from pretrial detention. Specifically, Mr. Prado Palacio has not shown that he cannot receive proper treatment for his rheumatoid arthritis if he remains in pretrial detention, and he has not shown that the U.S. Marshals Service has refused to provide any such necessary treatment for his medical condition, including treatment for the pain his medical condition causes. Mr. Prado Palacio has not shown that reconsideration of his detention order is warranted for any other reason.

United States District Court
Northern District of California

As discussed at the hearing, neither the treating physicians at the detention facility where Mr. Prado Palacio is being held, nor any other official responsible for his medical care while in custody, have provided information about Mr. Prado Palacio's treatment (i.e. with MTX or "triple therapy") and his response to that treatment to the relevant medical professionals at the U.S. Marshals Service, even though the U.S. Marshals Service specifically invited such further submissions in the September 14, 2026 written statement denying Mr. Prado Palacio's request for "infusion therapy." It is not clear why this information has not been provided to the U.S. Marshals Service.

In any event, the Court hereby orders counsel for the United States and counsel for Mr. Prado Palacio to work together to obtain the necessary medical information from Mr. Prado Palacio's treating physicians and any other necessary medical records, and to provide such information and records to the U.S. Marshals Service, so that Mr. Prado Palacio's request for infusion therapy can be evaluated without further delay. The parties shall file a joint status report advising the Court of the status of their efforts and, if known, the status of the U.S. Marshals Service's evaluation of Mr. Prado Palacio's treatment, no later than **December 17, 2026.**

**IT IS SO ORDERED.**

Dated: November 24, 2026

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge